§JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jet Imports, L.L.C. d/b/a Life Is Tennis and John Tauchen

**(b)** County of Residence of First Listed Plaintiff: Wapello Co, IA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Billy J. Mallory, Brick Gentry, P.C.
6701 Westown Pkwy, #100, West Des Moines, IA 50266

## DEFENDANTS
Whak Sak Industries, Inc.

County of Residence of First Listed Defendant: Clark Co, NV
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. Section 271
Brief description of cause:
Plaintiff brings action against Whak Sak for: patent infringment, trade dress infringement, etc.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE 10/22/09
SIGNATURE OF ATTORNEY OF RECORD
/s/ Billy J. Mallory

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| JET IMPORTS, L.L.C. d/b/a Life Is Tennis and JOHN TAUCHEN,<br>Plaintiffs,<br><br>v.<br><br>WHAK SAK INDUSTRIES, INC.<br>Defendant. | CASE NO. _____<br><br><br>COMPLAINT AND JURY DEMAND |

COMES NOW, Plaintiffs Jet Imports, L.L.C. d/b/a Life Is Tennis ("Jet Imports") and John Tauchen ("Tauchen") (collectively "Plaintiffs"), by and through the undersigned attorney, and for their complaint against defendant Whak Sak Industries, Inc. ("Whak Sak"), state to the Court as follows:

PARTIES

1. Jet Imports is an Iowa limited liability company with its principal place of business at 14007 Commissary Drive, Ottumwa, IA 52501.

2. John Tauchen is an individual who, at all material times hereto, is a resident of Ottumwa, Wapello County, Iowa.

3. Whak Sak is a corporation organized under the laws of the State of Nevada and having its principal place of business at 4022 Via Dana Avenue, Las Vegas, NV 89141.

JURISDICTION AND VENUE

4. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

5. The Court has personal jurisdiction over Whak Sak because Whak Sak does business in this state and has committed the tortious acts complained of herein within this state,

by promoting, offering for sale and selling tennis bags in this state utilizing infringing copies of Jet Import's design.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b); 28 U.S.C. §1391(c); and 28 U.S.C. §1400(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District, including Defendant's promoting, offering for sale and selling tennis bags in this District utilizing infringing copies of Jet Import's design.

## FACTUAL BACKGROUND

7. Jet Imports is in the business of designing, manufacturing, distributing, marketing and selling an innovative line of women's tennis bags, known as the JETPAC® line.

8. The JETPAC® tennis bags are patented and now marketed under the name Life Is Tennis™.

9. Jet Imports LLC d/b/a Life Is Tennis™ owns three US Patents on their tennis bags with original filings dating back to as early as 2003. The first patent was issued on February 15, 2005, Design Patent No. D501,719S ("Design Patent 1"); the second on February 22, 2005, Design Patent No. D501,994 ("Design Patent 2"); and the third on July 8, 2008, Utility Patent No. 7,395,930 B2 ("Utility Patent") (collectively "Patents"). The patents cover both design and functionality. (*See* Patents 1, 2 and 3, attached hereto as Exhibits A, B, and C, respectively.)

10. Jet Import's line of JETPAC® tennis bags present a new, original and ornamental design and is therefore is a patentable subject matter under the laws of the United States.

11. Heather Combs ("Combs") was hired as an employee of Jet Imports on or around March 1, 2007.

12. Combs was hired as an office manager, and as a result of her managerial duties, she had access to and knowledge of Jet Imports entire operation, accounting books, bank accounts and product design.

13. Combs terminated her employment with Jet Imports on or around September 21, 2007.

14. On or around October 11, 2007, Combs formed the company Whak Sak. (*See* Nevada Secretary of State search, attached hereto as Exhibit D.)

15. Since its incorporation, Whak Sak has designed, promoted, distributed and sold certain tennis bags that utilize a design and functionality that is virtually identical to Jet Import's patented designs (the "Infringing Design"). (*See* Copies of photographs depicting defendant's tennis bags utilizing the Infringing Design, attached hereto as Exhibit E.)

16. Jet Imports has notified Defendant that the Infringing Design constitutes patent infringement and requested that Defendant cease distributing and selling tennis bags utilizing the Infringing Design.

17. As of the date of this complaint, Defendant has failed to comply with the aforementioned demands and, upon information and belief, Defendant continue to sell tennis bags representing the Infringing Design.

18. Defendant has committed its unlawful actions with full knowledge of Jet Import's Patents and the JETPAC® patented design and continues to commit its unlawful actions after receiving actual notice that the continued sale of tennis bags representing the Infringing Design constitutes patent infringement.

19. Defendant committed its unlawful actions after Jet Imports obtained its Patents from the United States Patent and Trademark Office.

## COUNT I

PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271—Design Patent 1

20. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 19 of this complaint as if fully set forth herein.

21. Defendant is copying the Plaintiffs' Design Patent No. D501,719S without plaintiffs' consent or authorization and distributing tennis bags utilizing those unauthorized copies.

22. Defendant's purpose for copying and distributing tennis bags utilizing unauthorized copies of the Plaintiffs' Design Patent 1 is to obtain commercial benefit from such unauthorized use.

23. At the time that Defendant made the unauthorized copies of Design Patent 1 and distributed tennis bags utilizing those unauthorized copies, it knew, or had reason to know, that said design was protected by patent.

24. At the time that Defendant made the unauthorized copies of Design Patent 1 and distributed tennis bags utilizing those unauthorized copies it, knew, or had reason to know, that it was not authorized to do so and its actions constituted patent infringement.

25. Defendant's unauthorized copying and distributing of tennis bags utilizing Design Patent 1 was, and continues to be, committed intentionally, knowingly and willfully with the intent to wrongfully benefit from the labor and intellectual capital that Plaintiffs invested in the creation of Design Patent 1.

26. Plaintiffs have been and, to the extent the infringement continues, will continue to be, irreparably harmed in an amount to be determined.

27. Defendant has unjustly profited by its infringement of Plaintiffs' Design Patent 1 in an amount to be determined.

28. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of the Plaintiffs and to compensate Plaintiffs for damages consequent to Defendant's patent infringement, for costs and attorneys fees, and for any additional relief as this Court may deem appropriate.

## COUNT II

PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271—Design Patent 2

29. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 28 of this complaint as if fully set forth herein.

30. Defendant is copying the Plaintiffs' Design Patent No. D501,994 without plaintiffs' consent or authorization and distributing tennis bags utilizing those unauthorized copies.

31. Defendant's purpose for copying and distributing tennis bags utilizing unauthorized copies of the Plaintiffs' Design Patent 2 is to obtain commercial benefit from such unauthorized use.

32. At the time that Defendant made the unauthorized copies of Design Patent 2 and distributed tennis bags utilizing those unauthorized copies, it knew, or had reason to know, that said design was protected by patent.

33. At the time that Defendant made the unauthorized copies of Design Patent 2 and distributed tennis bags utilizing those unauthorized copies it, knew, or had reason to know, that it was not authorized to do so and its actions constituted patent infringement.

34. Defendant's unauthorized copying and distributing of tennis bags utilizing Design Patent 2 was, and continues to be, committed intentionally, knowingly and willfully with the intent to wrongfully benefit from the labor and intellectual capital that Plaintiffs invested in the creation of Design Patent 2.

35. Plaintiffs have been and, to the extent the infringement continues, will continue to be, irreparably harmed in an amount to be determined.

36. Defendant has unjustly profited by its infringement of Plaintiffs' Design Patent 2 in an amount to be determined.

37. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of the Plaintiffs and to compensate Plaintiffs for damages consequent to Defendant's patent infringement, for costs and attorneys fees, and for any additional relief as this Court may deem appropriate.

## COUNT III

PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271—Utility Patent

38. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 37 of this complaint as if fully set forth herein.

39. Defendant is copying the Plaintiffs' Utility Patent No. 7,395,930 without plaintiffs' consent or authorization and distributing tennis bags utilizing those unauthorized copies.

40. Defendant's purpose for copying and distributing tennis bags utilizing unauthorized copies of the Plaintiffs' Utility Patent is to obtain commercial benefit from such unauthorized use.

41. At the time that Defendant made the unauthorized copies of Plaintiff's Utility Patent and distributed tennis bags utilizing those unauthorized copies, it knew, or had reason to know, that said design was protected by patent.

42. At the time that Defendant made the unauthorized copies of Plaintiff's Utility Patent and distributed tennis bags utilizing those unauthorized copies it, knew, or had reason to know, that it was not authorized to do so and its actions constituted patent infringement.

43. Defendant's unauthorized copying and distributing of tennis bags utilizing Plaintiff's Utility Patent was, and continues to be, committed intentionally, knowingly and willfully with the intent to wrongfully benefit from the labor and intellectual capital that Plaintiffs invested in the creation of its Utility Patent.

44. Plaintiffs have been and, to the extent the infringement continues, will continue to be, irreparably harmed in an amount to be determined.

45. Defendant has unjustly profited by its infringement of Plaintiff's Utility Patent in an amount to be determined.

46. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of the Plaintiffs and to compensate Plaintiffs for damages consequent to Defendant's patent infringement, for costs and attorneys fees, and for any additional relief as this Court may deem appropriate.

## COUNT IV

## TRADE DRESS INFRINGEMENT

47. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 46 of this complaint as if fully set forth herein.

48. Plaintiff's JETPAC® tennis bags portray a design and packaging that are inherently distinctive and which serve to identify said bags with its manufacturer.

49. Whak Sak's design, promotion, distribution and sale of certain tennis bags that bear the Infringing Design causes a likelihood of consumer confusion as to origin, sponsorship, affiliation or association of the goods, in violation of 15 U.S.C. §1125(a)(1)(A).

50. Defendant's use of the Infringing Design is likely to dilute Plaintiff's patented designs.

51. At the time Defendant designed, promoted, distributed and sold its tennis bags bearing the Infringing Design it intended to create an association with Plaintiff's patented designs.

52. Defendant's unauthorized copying and distributing of tennis bags utilizing the Infringing Design was, and continues to be, committed intentionally, knowingly and willfully with the intent to wrongfully benefit from the labor and intellectual capital that Plaintiffs invested in the creation of its Patents.

53. Plaintiffs have been and, to the extent the infringement continues, will continue to be, irreparably harmed in an amount to be determined.

54. Defendant has unjustly profited by its infringement of Plaintiff's Patents in an amount to be determined.

55. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of the Plaintiffs and to compensate Plaintiffs for damages consequent to Defendant's trade dress infringement, for costs and attorneys fees, and for any additional relief as this Court may deem appropriate.

## COUNT V

## THEFT OF TRADE SECRETS

56. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 55 of this complaint as if fully set forth herein.

57. Combs was an employee of Plaintiffs from March 1, 2007 through September 21, 2007.

58. Combs was hired as an office manager, and as a result of her managerial duties, she had access to and knowledge of Jet Imports entire operation, accounting books, bank accounts, and product design.

59. Combs knew, or had reason to know, that Plaintiff held Patents for the design and functionality of its JETPAC® tennis bags.

60. When Combs terminated her employment with Plaintiff, she took copies of Plaintiff's Patents with her and subsequently used Plaintiff's patented design and functionality in the design, promotion, distribution and sale of its Whak Sak tennis bags.

61. At the time that Defendant copied the Plaintiff's Patents and distributed tennis bags utilizing the Infringing Design it knew, or had reason to know, that it was not authorized to do so.

62. At the time that Defendant copied the tennis bags shown in Plaintiff's Patents and distributed tennis bags utilizing the Infringing Design Defendant knew, or had reason to know, that the design and functionality of said bags, customer lists, Plaintiff's proprietary manner of doing business and other confidential information relating to Plaintiff's business was protected by the trade secret information that Defendant knew as a result of Combs managerial duties as a

former employee of Jet Imports, as specified in detail in paragraph 58 above, which trade secrets had been improperly obtained and misappropriated.

63. Defendant's unauthorized copying and distributing of tennis bags utilizing Plaintiff's Patents was, and continues to be, committed intentionally, knowingly and willfully with the intent to wrongfully benefit from the labor and intellectual capital that Plaintiffs invested in the creation of its Patents.

64. Plaintiffs have been and will continue to be irreparably harmed in an amount to be determined.

65. Defendant has unjustly profited by its misappropriation of Plaintiff's Patents in an amount to be determined.

66. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of the Plaintiffs and to compensate Plaintiffs for damages consequent to Defendant's theft of its trade secret, for costs and attorneys fees, and for any additional relief as this Court may deem appropriate.

WHEREFORE, Plaintiffs respectfully request the following relief:

1. that Defendant, its agents, employees, officers, servants, privies, successors and assigns, and all persons acting in concert, participation or combination with it, be permanently enjoined from in any manner, directly or indirectly, copying, advertising, promoting or distributing tennis bags or any other product that utilizes the Patents in any form, pursuant to 35 U.S.C. §283;

2. that Defendant be required to deliver up for destruction all materials in its possession, custody or control, or the possession, custody or control of any of its agents or representatives, embodying or displaying copies of the Patents or products bearing the Infringing Design in any form, including without limitation all unsold inventory of tennis bags, signage, labels, catalogs, advertisements, pictures, promotional materials or stationary at cost to Defendant;

3. that Defendant be required to pay to Plaintiffs actual damages and/or treble damages in a sum to be determined at trial, incurred as a result Defendant's infringement of the Patents pursuant to 35 U.S.C. §284;

4. that Defendant be required to fully account to Plaintiffs for all gains, proceeds, income, profits, fees, licenses, advantages and any other compensation derived by Defendant that are attributable to the infringement and to pay Plaintiffs Defendant's gross profits in a sum based on said accounting, pursuant to 35 U.S.C. 289;

5. that Plaintiffs be awarded reasonable attorneys' fees and the costs and disbursements of this action, pursuant to 35 U.S.C. § 285;

6. that Defendant be required to pay to Plaintiffs actual damages in a sum to be determined at trial, incurred as a result Defendant's trade dress infringement pursuant to 15 U.S.C. §1125(a)(1)(A); and

7. that Plaintiffs be awarded such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

ORIGINAL FILED.

Respectfully Submitted,

BRICK, GENTRY, BOWERS,
SWARTZ & LEVIS, P.C.

By: /s Billy J. Mallory
Billy J. Mallory, AT0004934

By: /s Erin M. Clanton
Erin M. Clanton, AT0002592
6701 Westown Parkway, Suite 100
West Des Moines, Iowa 50266
Telephone: 515.274.1450
Facsimile: 515.274.1488
ATTORNEYS FOR PLAINTIFFS